UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>   vs.<br><br>PAVEL BABICHENKO,<br>GENNADY BABITCHENKO,<br>PIOTR BABICHENKO,<br>TIMOFEY BABICHENKO,<br>KRISTINA BABICHENKO,<br>NATALIE BABICHENKO,<br>DAVID BIBIKOV,<br>ANNA IYERUSALIMETS,<br>MIKHAIL IYERUSALIMETS,<br>ARTUR PUPKO,<br><br>   Defendants. | Case No. 1:18-cr-00258-EJL<br><br>**ORDER CONTINUING TRIAL DATE** |

Pending before the Court is the Government's Motion for Complex Case Designation pursuant to 18 U.S.C. § 3161(h)(7)(ii). (Dkt. 134). The Motion is currently unopposed by all Defendants except Defendant Gennady Babichenko who filed an Objection to the Motion but does not object to a 90-day continuance. (Dkt. 135.) The current trial is set to commence tomorrow, October 23, 2018, at 9:30 a.m.

The Government represents that this case should be designated a complex case, because: there are ten defendants, the nature of the fraudulent scheme charged and the prosecution are complex, the indicted charges raise complex legal issues sounding in

ORDER - 1

intellectual property violations, and the investigation has resulted in significant amounts of discovery- some of which requires translation. (Dkt. 134.) In addition, the Government represents that the defense will need sufficient time to translate, review, analyze, and investigate the evidence so that it can pursue pretrial motions, retain experts if necessary, and prepare for trial. (*Id.*) On October 19, 2018, counsel for the government and defense counsel agreed to a continuance of the trial for approximately one year. (*Id.*)

On October 22, 2018, the Government filed the Motion for Complex Case Designation pursuant to 18 U.S.C. § 3161(h)(7)(ii) designating the Motion as unopposed. (Dkt. 134). Nonetheless, later that same day, Defendant Gennady Babichenko filed his Objection to the Motion. (Dkt. 135).

Based on these circumstances, the Court finds the ends of justice are best served by: (1) granting a 90-day continuance and (2) reserving a decision on the complex case designation. The Court finds the delay associated with resolving the Motion for Complex Case Designation pursuant to 18 U.S.C. § 3161(h)(7)(ii) (Dkt. 134) is excludable time pursuant to 18 U.S.C. §3161(h)(1)(D).

Moreover, at this stage in the proceedings, the Court further finds: (1) pursuant to 18 U.S.C. § 3161(h)(7)(A), that the ends of justice served by granting the 90-day continuance outweigh the best interest of the public and the defendants in a speedy trial; (2) pursuant to 18 U.S.C. § 3161(h)(7)(B)(i), that the failure to grant this continuance would make a continuation of these proceedings impossible and result in a miscarriage of justice; and (3) pursuant to 18 U.S.C. § 3161(h)(7)(B)(iv) the failure to grant such a continuance would unreasonably deny counsel for the defense and the Government the

ORDER - 2

reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED,** that the unopposed continuance of 90 days is **GRANTED.** Jury Trial is hereby **RESCHEDULED** for **Tuesday, January 22, 2019 at 9:30 a.m.** at the Federal Courthouse in Boise, Idaho. All pre-trial motions are due forty-five days prior to trial.

**IT IS FURTHER ORDERED** that any delay associated with the 90-day continuance is **EXCLUDABLE TIME** pursuant to 18 U.S.C. § 3161(h)(7)(A), 18 U.S.C. § 3161(h)(7)(B)(i), and 18 U.S.C. § 3161(h)(7)(B)(iv).

**IT IS FURTHER ORDERED** that any Objections to the Government's Motion for Complex Case Designation pursuant to 18 U.S.C. § 3161(h)(7)(ii) (Dkt. 134) must be filed on or before October 26, 2018.

**IT IS FURTHER ORDERED** that the delay between the filing and disposition of the Government's Motion for Complex Case Designation pursuant to 18 U.S.C. § 3161(h)(7)(ii) (Dkt. 134) is also **EXCLUDABLE TIME** under the Speedy Trial Act, 18 U.S.C. § 3161(h)(1)(D).

DATED: October 22, 2018

Edward J. Lodge
United States District Judge

ORDER - 3